J-A16018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRETT ADAMS, TAMRA ADAMS, JILL O'DONNELL, MATTHEW O'DONNELL, JASON TEPFENHARDT, JESSICA TEPFENHARDT, JAMES WIEGERS, ANN MARIE WIEGERS, BRIAN BENTRIM, JEFF CAMPAGNA, ELIZABETH CAMPAGNA, CATHERINE BENTRIM, JAMES COY AND DENISE COY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 1451 EDA 2021 |
| v. | |
| TOLL BROTHERS, INC, TOLL PA, L.P., TOLL PA GP CORP, TOLL BROS., INC., TOLL ARCHITECTURE, INC., TOLL ARCHITECTURE I, P.A. | |
| v. | |
| ANDERSEN WINDOWS, INC., THOMAS E. MANION T/A MANION CONTRACTORS AND/OR THOMAS E. MANION, MICHAEL ANTOLINO CONSTRUCTION, INC., RSB CONSTRUCTION CO., MACK DONOHOE CONTRACTORS, INC., ELK CONSTRUCTION, PETR JACH T/A BRICK FRONTS, L.L.C., EXTERIOR OPTIONS, INC., | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA, L.P. AND TOLL PA GP CORP. | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170101225

J-A16018-22

| | | |
|---|---|---|
| JAMES COOKE AND TRACY COOKE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA, VI | : | |
| L.P., TOLL PA GP CORP, TOLL BROS., | : | |
| INC., TOLL ARCHITECTURE, INC., | : | No. 1453 EDA 2021 |
| TOLL ARCHITECTURE I, P.A. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., NEW | : | |
| MILLENNIUM CONTRACTING CORP., | : | |
| MACK DONOHOE CONTRACTORS, | : | |
| INC., MAR JOHN MASONRY, INC., | : | |
| CONNOLLY STUCCO AND | : | |
| PLASTERING | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., | : | |
| TOLL BROS., INC., TOLL PA, VI, L.P. | : | |
| AND TOLL PA GP CORP. | : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170903045

| | | |
|---|---|---|
| JAMES COY AND DENISE COY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA, L.P., | : | |
| TOLL PA GP CORP, TOLL BROS., | : | |
| INC., TOLL ARCHITECTURE, INC., | : | No. 1454 EDA 2021 |
| TOLL ARCHITECTURE I, P.A. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |

- 2 -

|  |  |  |
|---|---|---|
| | : | |
| ANDERSEN WINDOWS, INC., MICHAEL ANTOLINO CONSTRUCTION, INC., RSB CONSTRUCTION, EXTERIOR OPTIONS, INC D/B/A EXTERIOR WALL, INC., FRANK BADOLATO, AQUARIUS SIDING | : : : : : : : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA, L.P. AND TOLL PA GP CORP. | : : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  170901196

|  |  |  |
|---|---|---|
| THOMAS DEANGELO AND CAGLAYAN DEANGELO | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA, II, L.P., TOLL PA GP CORP, TOLL BROS., INC., TOLL ARCHITECTURE, INC., TOLL ARCHITECTURE I, P.A. | : : : : | No. 1455 EDA 2021 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., MS BUILDERS, INC.,   M A CARDY CONSTRUCTION, INC., DOMINIC C. DEFRANGESCO, MACK DONOHOE CONTRACTORS, INC. | : : : : : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA II, L.P. AND TOLL PA GP CORP. | : : : | |

- 3 -

J-A16018-22

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170901003

| | | |
|---|---|---|
| TODD ELLIOTT AND JUDITH ELLIOTT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA, II, L.P., TOLL PA GP CORP, TOLL BROS., INC., TOLL ARCHITECTURE, INC., TOLL ARCHITECTURE I, P.A. | : | No. 1456 EDA 2021 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., MACK DONOHOE CONTRACTORS, INC., M.A. CARDY CONSTRUCTION, INC. | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA II, L.P. AND TOLL PA GP CORP. | : | |
| | : | |
| | : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170901907

| | | |
|---|---|---|
| BENJAMIN LACSON AND EVELYN LACSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA, L.P., TOLL PA GP CORP, TOLL BROS., INC., TOLL ARCHITECTURE, INC., TOLL ARCHITECTURE I, P.A. | : | No. 1457 EDA 2021 |
| | : | |

- 4 -

J-A16018-22

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., | : | |
| THOMAS E. MANION T/A MANION | : | |
| CONTRACTORS AND/OR THOMAS E. | : | |
| MANION A/K/A MANION,  RSB | : | |
| CONSTRUCTION CO., EXTERIOR | : | |
| WALLS, INC., MACK DONOHOE | : | |
| CONTRACTORS INC., ELK | : | |
| CONSTRUCTION, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., | : | |
| TOLL BROS., INC., TOLL PA, L.P. | : | |
| AND TOLL PA GP CORP. | : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  171003576

|  |  |  |
|---|---|---|
| MICHAEL MILEY AND JENNIFER | : | IN THE SUPERIOR COURT OF |
| MILEY | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA II, | : | |
| L.P., TOLL PA GP CORP, TOLL BROS., | : | No. 1458 EDA 2021 |
| INC., TOLL ARCHITECTURE, INC., | : | |
| TOLL ARCHITECTURE I, P.A. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., NEW | : | |
| MILLENNIUM CONTRACTORS, MACK | : | |
| DONOHOE CONTRACTORS, INC. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

- 5 -

| | | |
|---|---|---|
| APPEAL OF: TOLL BROTHERS, INC.,<br>TOLL BROS., INC., TOLL PA II, L.P.<br>AND TOLL PA GP CORP. | : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170901824

| | | |
|---|---|---|
| FURRUKH MUNAWAR AND AAIYSHA<br>MUNAWAR | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC, TOLL PA II,<br>L.P., TOLL PA GP CORP, TOLL BROS.,<br>INC., TOLL ARCHITECTURE, INC.,<br>TOLL ARCHITECTURE I, P.A. | : | No. 1459 EDA 2021 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSEN WINDOWS, INC., MACK-<br>DONOHOE CONTRACTORS, INC.,<br>MILLENNIUM CONTRACTING<br>CORPORATION | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC.,<br>TOLL BROS., INC., TOLL PA II, L.P.<br>AND TOLL PA GP CORP. | : | |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 171003571

| | | |
|---|---|---|
| DANIEL PORTER AND CAROLYN<br>PORTER | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |

TOLL BROTHERS, INC, TOLL PA II,   :
L.P., TOLL PA GP CORP, TOLL BROS.,   :    No. 1460 EDA 2021
INC., TOLL ARCHITECTURE, INC.,   :
TOLL ARCHITECTURE I, P.A.   :
  :
  :
  :
          v.   :
  :
  :
ANDERSEN WINDOWS, INC.,   :
DOMINIC C. DEFRANGESCO, MACK   :
DONOHOE CONTRACTORS, INC.   :
  :
  :
APPEAL OF: TOLL BROTHERS, INC.,   :
TOLL BROS., INC., TOLL PA II, L.P.   :
AND TOLL PA GP CORP.   :

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170901002

BEFORE:    McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY McCAFFERY, J.:        **FILED JULY 28, 2022**

In these consolidated appeals, Toll Brothers, Inc., Toll Bros., Inc., Toll Pa II L.P., and Toll Pa Gp Corp. (collectively, Appellant) appeal from the July 15, 2021, discovery order entered in the Philadelphia Court of Common Pleas, directing Appellant to comply with two prior orders to produce spreadsheets. These spreadsheets were created by Appellant's operations division and list

---

* Retired Senior Judge assigned to the Superior Court.

- 7 -

other homeowners' claims of water infiltration.[1]  Appellant argues: (1) the trial court erred in applying the coordinate jurisdiction rule[2] and concluding it was bound to follow the two prior orders; and (2) the trial court erred in finding the spreadsheets are not protected by the attorney-client privilege and the attorney work product doctrine.  We agree with the trial court that the coordinate jurisdiction rule precluded re-litigation of the same issues, and conclude Appellant did not establish the applicability of the attorney-client privilege or work product doctrine.  Accordingly, we affirm.

## I.  Appellate Jurisdiction

Preliminarily, we summarize that on August 3, 2021, this Court issued a *per curiam* rule on Appellant to show cause why the spreadsheets were

---

[1] Andersen Windows, Inc., one of the co-defendants, has advised this Court by letter that it will not file a brief.

We also note almost all of these plaintiffs/appellees were parties to a prior appeal before this Court, at **Porter v. Toll Bros.**, 217 A.3d 337 (Pa. Super. 2019), *appeal denied*, 229 A.3d 909 (Pa. 2020).  In that matter, Appellant invoked mandatory arbitration-clauses in warranties it had extended to the original purchasers of the homes.  The trial court found the plaintiffs/appellees, none of whom were original purchasers, were not bound by the warranties and thus denied Appellant's petitions to compel arbitration. Appellant appealed to this Court, which affirmed in August of 2019, and its petition for allowance of appeal was denied by our Supreme Court in April of 2020.

[2] While the trial court's opinion refers to the "law of the case doctrine," its discussion goes to a subset of that doctrine, the coordinate jurisdiction rule. **See Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003) ("law of the case" doctrine encompasses coordinate jurisdiction rule) (discussed **infra**).

privileged, and thus why the trial court's discovery order was an appealable collateral order. **See** Pa.R.A.P. 313(a)-(b) (appeal may be taken as of right from a collateral order, which is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost"); **Shearer v. Hafer**, 177 A.3d 850, 855 (Pa. 2018) ("[T]he question of whether the collateral order doctrine has been met is jurisdictional in nature. Therefore, we must independently consider whether the collateral order doctrine has been satisfied."); **Berkeyheiser v. A Plus Investigations, Inc.**, 936 A.2d 1117, 1123-24 (Pa. Super. 2007) ("Pennsylvania courts have held that discovery orders involving potentially confidential and privileged materials are immediately appealable as collateral to the principal action.").

Appellant responded that it had asserted the attorney-client privilege and work product protection over the spreadsheets, which "are derived from a database that is created and maintained by [its] legal department." Appellant's Answer to Order to Show Cause, 8/13/21, at 1. This Court discharged the rule to show cause, but advised the parties the merits may panel revisit this issue.

As Appellant has invoked the privilege and work product doctrine — the merits of which we will review in this appeal — we conclude the trial court's discovery order is collateral to the principal action and immediately

- 9 -

appealable. ***See*** Pa.R.A.P. 313(b); ***Berkeyheiser***, 936 A.2d at 1124 ("This Court has . . . recognized that an appellant's colorable claim of attorney-client and attorney work-product privilege can establish the propriety of immediate appellate review.").

## II. Judge Robins New's January 14 and February 25, 2021, Orders

Appellant is a builder and seller of residential homes. Appellees have filed lawsuits against it, alleging defective construction of homes and, specifically, water infiltration issues. In September of 2020, Appellees served Appellant with a "First Set of Requests for Production of Documents" (First Requests) as well as a "First Set of Interrogatories" (First Interrogatories).[3] The latter did not include the term "spreadsheet," but requested "all documents" relating to whether Appellant was "aware of any water penetration issues" in other homes in the same developments as Appellees' homes or in other homes of the same models.[4] Appellant objected to every request, citing, in part, the attorney-client privilege and attorney work product doctrine.

On December 9, 2020, Appellees filed a motion to overrule Appellant's objections to discovery. On January 14, 2021, the Honorable Shelley Robins

---

[3] ***See*** Appellees' Motion to Overrule Objections to Discovery & Depositions and to Compel More Specific Responses to Discovery Requests, 12/9/20, at 6.

[4] ***See*** Appellees' First Interrogatories, 9/9/20, at 9 (unpaginated).

New ordered, in pertinent part, Appellant to produce "spreadsheets used to track water intrusion claims and prepared by Mike Klein and Tony Geonotti or others in Operations Division." Order, 1/14/21, at 2. On January 29th, Appellant filed a motion for reconsideration, repeatedly arguing Appellees never requested such spreadsheets, and furthermore, the spreadsheets were protected by the attorney-client privilege and attorney work product doctrine. *See* Appellant's Motion for Reconsideration of the Court's Order Dated January 13, 2021, 1/29/21, at 1-5, 7-8.

Judge Robins New conducted a hearing on February 23, 2021. We review the parties' arguments in detail, as they inform our review of Appellant's present coordinate jurisdiction argument. Appellant again argued Appellees never requested discovery of the spreadsheets. N.T., 1/23/21, at 7. It also averred the spreadsheets: "are maintained by the legal department in a propriety database that is password protected[;]" were created "for the purposes of tracking, valuating and evaluating the merits of claims made against" Appellant; and were privileged. *Id.* at 6, 8. The court inquired whether Appellant had submitted a privilege log; it had not.[5] *Id.* at 24.

---

[5] This Court has explained:

> A privilege log provides an acceptable format to identify documents, the applicable privilege, and the basis upon which privilege is claimed. While it is true our rules do not *per se* require the production of a privilege log when asserting a privilege as the basis for objecting to discovery requests . . . a responding party

*(Footnote Continued Next Page)*

Appellees responded they did request the spreadsheets, pointing to, *inter alia*, interrogatories in their First Requests, which: (1) asked if Appellant was "aware of . . . water intrusion issues" in the same developments or in similar model homes; and (2) requested any documents related thereto. N.T., 1/23/21, at 29. Appellees denied the spreadsheets were created or maintained by Appellant's legal department, and asserted they instead were created by Appellant's operations department and merely included information gathered from a database maintained by the legal department. *Id.* at 46. Finally, Appellees explained they were not requesting attorneys' mental impressions, conclusions, or opinions as to the value or merits of claims. *Id.* at 25. Instead, Appellees stated, they were seeking discovery of "what [Appellant] knew and when . . . about the systemic nature of these [construction] defects . . . across these common models of homes and developments[.]" *Id.* at 37-38.

---

nonetheless must state objections in a manner that meets our rule requirements. Rule 4009.12(b)(2) requires that responses to document requests be in a paragraph-by-paragraph response which **shall** identify all documents or things not produced or made available when because of the objection they are not within the scope of permissible discovery. Pa.R.C.P. . . . 4009.12(b)(2). The rule further provides that documents or things not produced shall be identified with reasonable particularity together with the basis for non-production. *Id.* Production of a privilege log is the most practical way to satisfy our rule requirements.

***Brandywine v. Brandywine Vill. Assocs.***, 260 A.3d 179, 197 (Pa. Super. 2021) (footnotes omitted).

Two days after the hearing, on February 25, 2021, Judge Robins New denied Appellant's motion for reconsideration, and directed Appellant to comply with the January 14th order — and produce the spreadsheets — within 60 days.

### III. Judge Cohen's July 15, 2021, Order

Meanwhile, on March 4, 2021, Appellees served a Second Request for Production of Documents on Appellant, which included a request for the spreadsheets. Trial Ct. Op., 12/16/21, at 2. Appellant, however, did not produce the spreadsheets, and on May 14th, Appellees filed a motion to compel discovery and for sanctions and contempt. Appellant filed an answer in opposition. "In anticipation of Judge Robin[ ] New's retirement[,] this case was transferred to the Honorable Denis P. Cohen[.]" Trial Ct. Op. at 2 n.1.

Judge Cohen conducted a hearing on June 30, 2021. Appellees asserted that following Judge Robins New's February 25th order, Appellant initially advised it "need[ed] the full 60 days" to produce the spreadsheets. N.T., 6/30/21, at 23. However, at the conclusion of those 60 days, Appellant sent a discovery response, averring the spreadsheets were privileged and protected attorney work product. *Id.* Appellees argued Judge Robins New had already rejected Appellant's privilege and work product objections, and Appellant "has had multiple bites of the apple to fight this discovery, and it lost[.]" *Id.* at 14, 17, 21.

In response, Appellant reiterated its arguments that: the spreadsheets "were not part of the original document request;" Judge Robins New's first order thus compelled the production of documents never requested, and Appellant "never had a chance to object[ or] assert privilege." N.T., 6/30/21, at 38.

The trial court stated it would not "relitigate any of those issues, because they have already been handled by Judge . . . Robins New[.]" N.T., 6/30/21, at 41. Instead, the court would hear whether the parties have complied with her prior orders, and, if not, why. *Id.* Appellant first asserted, "[W]e have complied," and began to address an unrelated consent discovery order issued in June of 2021. *See id.* at 41-42. The court interjected and the following exchange occurred:

> [Trial Court: Judge Robins New ordered the production of the spreadsheets. S]he gave you 60 days. So just tell the Court the status of the spreadsheets.
>
> [Appellant's attorney:] The spreadsheets are subject to a privileged argument.
>
> THE COURT: That's not what she ordered. She ordered the spreadsheets. They have to be turned over.
>
> [Appellant's attorney:] Your Honor, the order arises from —
>
> THE COURT: . . . That issue was raised before Judge . . . Robins New and she ruled. It's an order of the Court. . . . It has got to be turned over. You may not like the order. It has got to be turned over. We're not going to relitigate it. That was her order. It has to be done.

*Id.* at 42-43. Appellant then requested 15 days to produce the spreadsheets, which the trial court granted. *Id.* at 44.

The trial court filed the underlying order on July 15, 2021, denying Appellees' request for sanctions, but granting their request to compel production of the spreadsheets. On the same day, Appellant filed a notice of appeal, and it has complied with the trial court's Pa.R.A.P. 1925(b) orders to file statements of errors complained of on appeal. The court has issued an opinion, addressing why it applied the coordinate jurisdiction rule to follow Judge Robins New's two prior orders. The opinion also rejected, on the merits, Appellant's reliance on the attorney-client privilege and work product doctrine. The court found the spreadsheets merely included facts, and not any attorney opinion or evaluation as to the merits of prior homeowners' claims.

## IV. Statement of Questions Involved & Standard of Review

Appellant raises two issues for this Court's review.

1. Did the trial court err by concluding that, pursuant to the law of the case doctrine, it was bound by the order of a previous trial court judge to compel the production of privileged and work product protected documents, even though Toll's objections to production were not before the previous trial court judge when she issued her order?

2. Did the trial court err by disregarding Toll's privilege log, objections to production, and attorney affidavit, which established that the documents at issue are privileged and work product protected, and nonetheless compelling production of those documents?

Appellant's Brief at 6-7.

We note the relevant standard of review:

"Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." "To the extent that the question involves a pure issue of law, our scope…of review [is] plenary."

"The trial court is responsible for '[overseeing] discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure.'"

***Berkeyheiser***, 936 A.2d at 1125 (citations omitted).

## V. Coordinate Jurisdiction Rule

In its first issue, Appellant avers the trial court erred in concluding it was bound by Judge Robins New's January 14, 2021, order and, by extension, erred in refusing to hear argument on the attorney-client privilege and work product doctrine. Appellant's Brief at 30. Appellant presents the following arguments in support. First, Appellees' First Requests for discovery did not include any request for the spreadsheets, and thus there was no related privilege or work product issue before Judge Robins New when she issued the January 14th order.[6] ***Id.*** at 18. Appellant denies that it previously invoked, before Judge Robins New, the present privilege and work product claims. Instead, its prior claims as to the privilege related to other requested documents, and not to the spreadsheets, which, again, were not a part of

---

[6] Appellant maintains that instead, the First Requests requested "documents [Appellant] had provided to the Securities and Exchange Commission." Appellant's Brief at 21-22.

Appellees' First Requests. *Id.* at 25. Indeed, Appellant raised the present privilege and work product protection objections for "the first time" before Judge Cohen. *Id.* at 32. Finally, even if the coordinate jurisdiction rule were relevant, the trial court should have disregarded it because it was "clearly erroneous" for Judge Robins New to compel production of the spreadsheets, as that issue was not properly before her. *Id.* at 34. We conclude no relief is due.

The "law of the case" doctrine includes the coordinate jurisdiction rule.[7] *Zane*, 836 A.2d at 29. The Pennsylvania Supreme Court has explained:

> Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.
>
> [T]he coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." Furthermore, consistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in

---

[7] The "law of the case" doctrine also includes the rules:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; [and] (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]

*Zane*, 836 A.2d at 29 n.6 (citation omitted).

proceedings, to effectuate the administration of justice, and to bring finality to the litigation.

This general prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute. Departure from the rule is allowed in "exceptional circumstances" when there has been a change in the controlling law or where there was a substantial change in the facts or evidence. [A]n exception is permitted where "the prior holding was clearly erroneous and would create a manifest injustice if followed." . . .

*Id.* (citations omitted).

The trial court rejected Appellant's assertions that the spreadsheets were not raised before Judge Robins New. Trial Ct. Op. at 9. The court referred to, *inter alia*, Appellant's memorandum of law, in support of their opposition to Appellee's motion to overrule objections to discovery, which "explicitly argue[d] **to Judge Robins New**[ ] that both attorney-client privilege and work product doctrine apply to the water intrusion claims-tracking spreadsheets." *Id.* at 10.

Furthermore, we observe Appellant wholly ignores: (1) its own motion for reconsideration of the January 14, 2021, order, which argued both the spreadsheets were not included in Appellees' First Requests and were privileged; and (2) the extensive oral argument presented by both parties on these issues at the February 23rd hearing. *See* N.T., 2/23/21, at 7-8 (Appellant's counsel arguing: (1) "this issue is not properly before this Court," as Appellees "never once requested in discovery these spreadsheets;" and (2) spreadsheets are "confidential, proprietary and privileged," and are "maintained . . . by the legal department . . . for the purposes of tracking,

valuating and evaluating the merits of claims"). Presently, Appellant makes no claim that, as of the February 23rd hearing, it was denied notice of Appellees' request for the spreadsheets, nor denied an opportunity to be heard. When Judge Robins New inquired whether Appellant had filed a privilege log, Appellant offered no explanation why it had not filed one, nor any explanation if it would. *See* N.T., 2/23/21, at 24.

We agree with the trial court that Judge Robins New heard both parties' arguments, found the spreadsheets were not privileged, and thus continued to direct, in her February 25, 2021, order, Appellant to produce the spreadsheets. Appellant's insistence, that spreadsheets and issues of privilege were not before Judge Robins New, is disingenuous.

At the June 30, 2021, hearing, Judge Cohen reminded Appellant that Judge Robins New already twice ruled on the issue of privilege and directly asked Appellant about its compliance with her orders. N.T., 6/30/21, at 41-42. As the trial court pointed out, Appellant proffered no evidence or argument of "an intervening change in the controlling law, substantial change in the relevant facts or evidence, or that the prior ruling was clearly erroneous and would create manifest injustice." *See* Trial Ct. Op. at 11. Instead, Appellant merely reiterated the spreadsheets were "privileged" and attempted to rehash the same issues already resolved by Judge Robins New. *See* N.T., 6/30/21, at 42. Similarly, on appeal, while Appellant argues the trial court

erred in precluding further argument about the privilege, it does not explain what novel argument it would have presented. *See* Appellant's Brief at 30.

In light of the foregoing, we further agree with the trial court that where "Judge Robins[ ] New had already resolved the discovery dispute by ordering [Appellant] to produce the requested spreadsheets," the court, sitting in a "later stage of pre-trial litigation, should not have overturned Judge Robins[ ] New's Order." *See Zane*, 836 A.2d at 29-30. The court properly applied the coordinate jurisdiction and did not err in prohibiting re-litigation of the same issues.

## VI. Attorney-Client Privilege & Attorney Work Product Doctrine

Having concluded the trial court properly deferred to Judge Robins New's prior discovery orders, we now consider whether the spreadsheets were protected by the attorney-client privilege and attorney work product doctrine. "Whether attorney-client privilege protects a particular communication is a question of law. Our standard of review is *de novo* and our scope of review is plenary." *Estate of Paterno v. NCAA*, 168 A.3d 187, 194 (Pa. Super. 2017). Similarly, whether a trial court properly interpreted and applied Pa.R.C.P. 4003.3, pertaining to the attorney work product doctrine, presents a question of law. *Id.* at 198.

At this juncture, we consider Appellees' argument that Appellant has waived any argument, on the attorney-client privilege and work product doctrine, for failure to appeal from Judge Robins New's two orders. In support,

Appellees cite Pennsylvania Rules of Appellate Procedure 902 (appeal as a matter of right shall be filed within time allowed by Rule 903), 903(a) (appeal shall be filed within 30 days after entry of order), 313 (a) (collateral order may be appealed as a matter or right), and 1311(b) (permission to appeal from interlocutory order may be sought by filing a petition within 30 days after entry of such order). Appellees' Brief at 10-11.

Appellant responds that the lack of any appeal from Judge Robins New's January 14, 2021, order does not result in waiver. It relies on ***In re Estate of Petro***, 694 A.2d 627, 631 (Pa. Super. 1997), which stated: "We can find no . . . statutory or common law, which states that a collateral order **must** be appealed within 30 days . . . or an appeal based upon the substance of the collateral order is forever precluded."[8] Appellant's Brief at 29.

We agree with Appellant that it has not waived an appellate challenge as to its privilege claims. In ***In re Estate of Petro***, this Court reasoned the appellant "could have" appealed from a collateral order within 30 days, but instead, he

> elected to file a Motion for a New Trial Nunc Pro Tunc based upon after-discovered evidence. Such was his right. We can find no rule of law, either statutory or common law, which states that a collateral order **must** be appealed within 30 days of its entrance or an appeal based upon the substance of the collateral order is

---

[8] Appellant also continues to insist that neither Judge Robins New's January 2021 order nor February 25, 2021, order addressed its privilege objections, and thus those orders were not appealable. Appellant's Brief at 28. We have addressed this premise above.

forever precluded. **See** Pa.R.A.P. 313 (a) ("An appeal **may** be taken as of right from a collateral order of an administrative agency or lower court.") (emphasis added).

[We note Pa.R.A.P.] 902 and 903 . . . .state that an appeal permitted as of right from a lower court order shall be taken within 30 days after the entrance of the order in question[. However, i]n the context of collateral orders, Rules 902 and 903 merely govern when the appeal must be taken if an appellant decides to exercise his right to file an immediate appeal. These rules do not mandate that such an appeal must be taken at that time or the appellant's claims be forever lost. . . .

*In re Estate of Petro*, 694 A.2d at 630-31. Accordingly, we consider the merits of Appellant's privilege and work product claims.

Appellant argues Judge Cohen failed to consider a privilege log it produced "[a]round the same time" it filed objections to Appellees' Second Requests. Appellant's Brief at 10, 36. Appellant maintains this log "provided the date, author, type of privilege . . . claimed, and . . . basis for claiming privilege and work product protection[.]" *Id.* at 40. Appellant claims the trial court also overlooked the affidavit of its counsel, while improperly relying "exclusively on an oral deposition of [Appellant's] corporate designee, Mike Klein." *Id.* at 36. Appellant asserts "the spreadsheets are protected work product because they are derived from a database that is maintained by [Appellant's] legal department," and the spreadsheets disclose its in-house counsel's mental impressions, "conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories." *Id.* at 41, 45. With regard to the attorney-client privilege, Appellant maintains the fact the spreadsheets were created by its operations division, and not legal department, is not

dispositive. *Id.* at 51. Appellant alleges that both the database and the spreadsheets are "means of communicating between [Appellant's] counsel and . . . other employees, and . . . contains confidential information regarding claims relayed to and from [Appellant's] in-house counsel for the purpose of obtaining legal advice[.]" *Id.* at 48, 50. No relief is due.

"Whether attorney-client privilege protects a particular communication from disclosure is a question of law to be decided by the court." *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1265 (Pa. Super. 2007). *See also Estate of Paterno*, 168 A.3d at 194. In Pennsylvania, the attorney-client privilege is codified at Section 5928 of the Judicial Code:

> Confidential communications to attorney
>
> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S. § 5928; *see Nationwide Mut. Ins. Co.*, 924 A.2d at 1263. This Court has stated:

> Pursuant to this statute, four elements must be satisfied in order to successfully invoke the protections of attorney-client privilege:
>
> 1) The asserted holder of the privilege is or sought to become a client.
>
> 2) The person to whom the communication was made is a member of the bar of a court, or his subordinate.
>
> 3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion

of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort.

4) The privilege has been claimed and is not waived by the client.

In sum, under our statutory and decisional law, attorney-client privilege protects from disclosure **only** those communications **made by a client** to his or her attorney which are confidential and made in connection with the providing of legal services or advice.

The privilege extends to communications **from an attorney** to his or her client **if and only if** the communications fall within the general statutory definition.

*Nationwide Mut. Ins. Co.*, 924 A.2d at 1264 (citations omitted).

We consider the parties' burdens:

The party who has asserted attorney-client privilege must initially set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the attorney-client privilege, *e.g.*, because the privilege has been waived or because some exception applies.

*Nationwide Mut. Ins. Co.*, 924 A.2d at 1266. We reiterate that "[p]roduction of a privilege log is the most practical way to satisfy our rule requirements" of clearly asserting discovery objections. *Brandywine*, 260 A.3d at 197.

This Court has stated:

"The protection against the discovery of work product is designed to shelter the mental processes of an attorney, providing a privileged area within which he can analyze and prepare his client's case." . . .

[Pa.R.C.P. 4003.3] governs [the] work product doctrine:

> Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his or her attorney . . . or agent. **The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories.** With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

> Pa.R.C.P. No. 4003.3.[ ] Whether the trial court properly interpreted and applied Rule 4003.3 presents a question of law.

*Estate of Paterno*, 168 A.3d at 197-98 (emphasis added).

First, no relief is due on Appellant's claims as to Judge Cohen's consideration of certain evidence. As discussed above, Judge Cohen properly concluded Judge Robins New already ruled on Appellant's privilege claims, and thus Judge Cohen was bound by the coordinate jurisdiction rule to follow her prior orders.

Nevertheless, Judge Cohen's opinion also addressed the merits of the privilege claims, observing the following. The spreadsheets were created by Appellant's "Operation Department as a result of complaints from customers." Trial Ct. Op. at 6. Appellant's corporate designee, Michael Klein, "described the contents of the spreadsheets as a list of water intrusion claims by development in the Chester and Delaware County areas," with "the names of the development, the name and address of each homeowner who . . . asserted

- 25 -

a claim, the date of the settlement of the home, and whether the claim was made within the statute. [sic]." **Id.** The trial court thus opined "[t]he information contained in the spreadsheets is factual information" that Appellant "has gathered regarding houses they built." **Id.** The court concluded the spreadsheets were "not communications to an attorney for the purpose of legal advice," even if Appellant had "at one point transmitted [them] to [its] attorneys." **Id.**, *citing*, *inter alia*, **In re Gartley**, 491 A.2d 851, 858 (Pa. Super. 1982) (attorney-client privilege does not apply to pre-existing documents).

On appeal, Appellant refers to a privilege log it "properly provided" **after** Judge Robins New's two orders compelling production of the spreadsheets. **See** Appellantf's Brief at 37. Appellant's present contention, that Judge Cohen should have reviewed this log, is mistaken as the issues of privilege had already been resolved by Judge Robins New and further court consideration of the issue was precluded by the coordinate jurisdiction rule. The proper inquiry, instead, is whether Appellant properly filed a privilege log, contemporaneously with its objections to the requests for discovery, for Judge Robins New's consideration. As discussed above, when specifically asked by Judge Robins New at the February 23, 2021, hearing about a privilege log, Appellant offered no explanation why it had not filed one nor whether one would be forthcoming. The lack of a privilege log, along with the testimony of Appellant's corporate designee that the spreadsheets merely contain lists

of homeowners and their claims, support a finding that the spreadsheets are not communications protected by the attorney-client privilege. *See Nationwide Mut. Ins. Co.*, 924 A.2d at 1264.

With respect to the attorney work product, Judge Cohen observed the following:

> [The spreadsheets] only track factual information regarding claims and incidents from [Appellant]-built homes. The spreadsheets do not evaluate the merit of each claim, nor do they provide any investigatory insights. Rather, they note the names of the development, the name and address of each homeowner who . . . asserted a claim, the date of the settlement of the home, and whether the claim was made within the statute [sic]. Further, because a non-attorney created the spreadsheets, they are only protected from discovery to the extent that they offer evaluation of the legal claims. The requested spreadsheets do no such thing. Therefore, the spreadsheets are not protected by the work product doctrine.

Trial Ct. Op. at 8.

Appellant's vague claim, that the spreadsheets include its in-house counsel's mental impressions, "conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories," is belied by its own corporate designee's testimony that the spreadsheets are comprised of lists of homeowners, the dates of their water intrusion claims, and other factual information. *See* Appellant's Brief at 41. Appellant's repeated reference to a database maintained by the legal department, as the source of the information in the spreadsheets, is likewise meritless; the source of this factual information is not dispositive as to whether the information includes an attorney's legal opinions.

We reiterate the following discussion by Judge Cohen, which found the spreadsheet information was discoverable:

> [Klein] noted that the spreadsheets contained the names of the development, the name and address of each homeowner who had asserted a claim, the date of the settlement of the home, and whether the claim was made within the statute. The information contained in the spreadsheets is factual information. The spreadsheets detail specific incidents and relevant factual information connected to those claims and incidents as well as [Appellant's] knowledge of those claims. The spreadsheets themselves and the underlying factual information therein are not communications to an attorney for the purpose of legal advice; they represent facts and information that [Appellant] has gathered regarding houses they built. As the attorney-client privilege does not extend to factual information, [Appellant] cannot avail itself of privilege to prevent discovery.

Trial Ct. Op. at 6.

Accordingly, we conclude the attorney work product doctrine is not applicable here.

## VII. Conclusion

For the foregoing reasons, we conclude no relief is due on Appellant's coordinate jurisdiction rule, attorney-client privilege, and attorney work product doctrine issues. Thus, we affirm the July 15, 2021, order, which granted Appellees' motion to compel production of the spreadsheets and denied their request for sanctions.

Order affirmed.

Judge Pellegrini joins the Memorandum.

Judge McLaughlin Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2022